### STEARNS *v.* STEARNS.

1. VENDOR AND PURCHASER—AGREEMENT TO DISCHARGE INCUM-
   BRANCE—PROMISSORY NOTE—RIGHT OF RECOVERY.

   Plaintiffs and defendant gave a mortgage on land owned by
   them in common as security for defendant's debt, which was
   also secured by mortgage on his individual property. Subse-
   quently defendant sold and conveyed to plaintiffs his interest
   in the common property, and at the same time gave them a
   note for the amount of the mortgage thereon, reciting that it
   was to secure them against the mortgage, and should be void
   if defendant should procure its discharge within a year.
   *Held*, that, on defendant's failure to pay the mortgage with-
   in the year, plaintiffs might recover the amount of the note,
   though no steps had been taken to foreclose the mortgage,
   and plaintiffs had made no payments thereon.

2. SAME—INTEREST.

   But, defendant having paid the interest on the mortgage debt,
   plaintiffs were not entitled to recover interest on the note.

Error to Wayne; Donovan, J. Submitted January 10,
1902. Decided February 11, 1902.

*Assumpsit* by Samuel Stearns and William Stearns
against Henry Stearns upon a promissory note. From a

---

[1] See, also, *Pungs* v. *Brake-Beam Co.*, 128 Mich. 318 (87 N. W. 364).

judgment for plaintiffs on verdict directed by the court, defendant brings error. Affirmed on condition.

*William Rolston Brown*, for appellant:

Cited *Wilcox* v. *Musche*, 39 Mich. 101, to the point that nominal damages only were recoverable.

*Adam E. Bloom* and *Jay Fuller*, for appellees.

MOORE, J. On March 9, 1893, defendant, Henry Stearns, executed to James Howland a promissory note for $1,000, which he secured by a mortgage covering 14 lots owned by him on Holbrook avenue, Detroit, Mich. In order to obtain from Mr. Howland a release of three of these lots, on May 2, 1897, Henry Stearns, William Stearns, and Samuel Stearns executed a mortgage to Mr. Howland covering property which they owned jointly on the corner of Lincoln and Alexandrine avenues. The plaintiffs exchanged their interest, valued at $2,800, in other property, for defendant's interest in the Lincoln-avenue property, defendant agreeing to pay the mortgage. On April 8, 1898, Henry Stearns quitclaimed his interest in the Lincoln-avenue property to William and Samuel Stearns, and upon the same day executed the following agreement:

"$1,000.00.          DETROIT, MICH., April 8th, 1898.
"One year after date I promise to pay to Samuel Stearns and William Stearns, or order, the sum of one thousand dollars, value received.
                              "HENRY STEARNS.

"The foregoing note is given for the purpose of securing Samuel and William Stearns against a mortgage of one thousand dollars upon certain property located at the northwest corner of Alexandrine and Lincoln avenues, Detroit, Mich., which said Henry Stearns has this day quitclaimed his interest in to said Samuel and William Stearns. This said mortgage of one thousand dollars also covers another property belonging to Henry Stearns, and the said Henry Stearns agrees to pay said mortgage of one thousand dollars, and relieve the said property on the corner of Alexandrine and Lincoln avenues from same, on or

·before one year from date, according to the above note. When said mortgage of one thousand dollars as aforesaid is paid, and said property on the corner of Alexandrine avenue and Lincoln avenue, Detroit, relieved of said incumbrance, then this note shall be void; but otherwise it shall remain in force to protect said Samuel and William Stearns against said incumbrance.

"HENRY STEARNS."

Defendant did not pay the mortgage within the year, and plaintiffs brought suit, declaring on all the common counts in *assumpsit* and upon the agreement before mentioned. The defendant pleaded the general issue, and gave notice that the note mentioned in plaintiffs' declaration was made without consideration. After the testimony was all in, the circuit judge directed a verdict in favor of plaintiffs for $1,000 principal and $194 interest. The defendant has brought the case here by writ of error, claiming plaintiffs are entitled only to nominal damages.

The record discloses that plaintiffs were yet in possession of the Lincoln-avenue property, and that no steps had been taken by Mr. Howland to foreclose his mortgage, and that plaintiffs had made no payments upon it. It also appears that defendant did not pay any portion of the principal of the mortgage, but that he had paid the interest upon the mortgage. It is doubtless true, as contended by plaintiffs, that the defendant is bound by his agreement; but we do not think it can be said that, where he has paid the mortgagee the interest upon the $1,000 principal of the mortgage, plaintiffs should also be allowed to recover interest upon it. Upon condition that plaintiffs remit the amount of interest paid, the judgment for the balance will be affirmed; otherwise the judgment will be reversed, and a new trial ordered. The defendant will recover costs of this court.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.